UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:20-cv-00289

**Joseph Patrick Jones,**
*Petitioner,*
v.
**United States of America,**
*Respondent.*

# ORDER

Petitioner Joseph Patrick Jones, an inmate proceeding pro se, filed this postconviction proceeding under 28 U.S.C. § 2255. The case was referred to United States Magistrate Judge John D. Love. After an evidentiary hearing, wherein petitioner was represented by counsel, the magistrate judge issued a report recommending that petitioner's § 2255 motion be denied and that the case be dismissed with prejudice. The magistrate judge also recommended that petitioner be denied a certificate of appealability sua sponte. Petitioner timely filed pro se objections.

When timely objections to a magistrate judge's report and recommendation are filed, the court reviews them de novo. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996).

Petitioner first asserts that appointed counsel determined that there was no basis for objecting to the report. He further argues that his former defense counsel, Mr. Hawk, is not credible because he admitted—during the *Tapp* hearing—that his office previously failed to file an appeal for another defendant and the District Court determined that his right to effective assistance of counsel was violated. Petitioner insists that "Mr. Hawk's office has a habit of ignoring requests for appeal." Doc. 30 at 4.

Moreover, petitioner argues that the court should not accept as credible or possible that Mr. Hawk's office does not accept collect calls from clients, as Mr. Hawk also testified that his office

keeps records of voicemails left by clients, but "[o]ne cannot leave a voicemail when calling collect, except in the case that someone answers the phone, accepts the collect calls and direct[s] the person calling into a voicemail system." *Id*. at 6.

Petitioner's objections are overruled. The sole claim in petitioner's case is that defense counsel, Mr. Hawk, was ineffective for failing to file a direct appeal as requested. *See United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007) (the failure to file a notice of an appeal when requested is per se ineffective assistance of counsel even if the petitioner has waived his right to a direct appeal and collateral review). A review of the *Tapp* hearing conducted by the magistrate judge reveals that petitioner failed to show, by preponderance of the evidence, that he requested an appeal.

Petitioner testified that once he arrived at the Gregg County Jail after sentencing, he began calling Mr. Hawk's office to request that Mr. Hawk file an appeal. He testified that he called on four separate occasions after sentencing and "was told it was being taken care of," which led him to believe that an appeal had been filed. The magistrate judge highlighted that even though petitioner testified that he was operating with the understanding that an appeal had been filed, he nonetheless continued to call the office multiple times and left messages asking for an appeal. If petitioner was operating with the understanding that his appeal had been filed, then petitioner arguably had no reason to continue calling and leaving messages—all within those fourteen days after sentencing. The magistrate judge correctly found this version of events not credible.

Moreover, petitioner testified that he left multiple messages for Mr. Hawk's secretary—all beginning when he arrived at the jail. Mr. Hawk testified that his office keeps a record of all messages but has no record of any contact from petitioner from the day of sentencing until the filing of this lawsuit. Mr. Hawk also testified that all calls from the jail are unsecure and, therefore, his office does not accept collect calls.

Petitioner now argues that one cannot leave messages if calling collect, leaving "it impossible for clients to speak with counsel during any prosecution." But if petitioner began making collect calls to Mr. Hawk's office from the jail—where *all* calls are unsecure—then, necessarily, he could not have left multiple messages. In other words, Petitioner's factual allegations are contradictory. Petitioner notes that counsel testified that his office failed to file a notice of appeal for another individual on a different case but fails to show how this is pertinent to his case. Thus, petitioner has failed to meet his burden of proving by a preponderance of the evidence that he requested an appeal and that counsel did not file one on his behalf.

Petitioner repeatedly states an objection that both his and Mr. Hawk's credibility should be examined, implying that only Mr. Hawk's credibility was considered by the magistrate judge. However, petitioner omits that it is his burden—not Mr. Hawk's—to show that he requested an appeal. As the magistrate judge explained, to succeed on a *Tapp* claim, the petitioner must demonstrate, by a preponderance of the evidence, that he requested an appeal. The preponderance of the evidence standard is the "more-probable-than-not" standard. *See United States v. Israel*, 838 F. App'x 856, 867 (5th Cir. 2020). The record of the hearing does not demonstrate that it is more-probable-than-not that petitioner requested that counsel file a direct appeal.

Having reviewed the magistrate judge's report de novo, the court accepts the findings and recommendations. Petitioner's objections (Doc. 30) are overruled. Petitioner's § 2255 motion is denied, and this case is dismissed with prejudice. Petitioner is further denied a certificate of appealability.

*So ordered by the court on May 24, 2022.*

J. CAMPBELL BARKER
United States District Judge